WALLACE, JUDGE:
Pursuant to the provisions of W.Va. Code §14-2-18, William J. Kronstain, Manager of Operations for John R. Hess, Inc., hereinafter referred to as Hess, and Robert R. Ramsey, Jr., Chancellor, W.Va. Board of Regents, have jointly requested an advisory determination respecting the claim of John R. Hess, Inc., a corporation, based upon the following facts.
By contract awarded February 23, 1982, the Board of Regents entered into a contract with Hess, by which Hess was to perform the construction of the Marshall University Science Building in Huntington, Cabell County, West Virginia, for the sum of $5,831,000.00. Hess was notified to commence work on March 18, 1982. At the time Hess was awarded the contract, the Board of Regents had the obligation to relocate certain electrical lines on the project site in order that Hess would have free and open access to the construction area. Due to an unexpected freeze of available funds, the Board of Regents was unable to accept bids or award a contract for the electrical services.
By special arrangement, a contract and purchase order were issued on March 17, 1982, for the electrical services in question. Due to the delay in awarding the second contract, and due to the discovery of previously unlocated telephone line, the relocation of the electrical lines and telephone line was not completed until May 20, 1982. These delays caused Hess to incur additional expenses for labor and increased material costs.
Hess, by letter dated June 14, 1982, requested reimbursement in the amount of $12,800.00 for the additional expenses incurred. The Board of Regents objected to several items enumerated in Hess’ request and Hess, by letter dated July 12, 1982, submitted a second request for the additional expenses in the amount of $9,635.00. The Board of Regents, after reviewing Hess’ second request and completing its own study, has determined that $5,000.00 represents expenses and increased material costs directly attributable to its inability to provide access to the construction site as obligated under the contract. Hess has indicated its willingness to accept $5,000.00 in full satisfaction of its requests.
*20 It is the determination of this Court, therefore, that the Board of Regents is legally liable to Hess in the amount of $5,000.00 in full discharge of the claim in question. As this is an advisory opinion, no award will be made, but the Clerk of the Court is directed to file this advisory opinion and to transmit a copy thereof to the parties.